MR

United States District Court
Northern District of Illinois, Eastern Division

RECEIVED
SEP 10 2014
SEP 10 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Calvin Merritte and Pretrial Detainees,
          Plantiff,

          v.

LaSalle County Sheriffs Office,
County of LaSalle, Thomas Templeton,
Brian Towne, Jason Edgcomb, Arc Preci,
Karen Edgcomb, Kerry Von Ruden, Tina
Wright-Stachowiak, Jason Claikmont, Neal
Tomsha, Lisa Von Ruden, Robin Ballard,
Jason Mohr, James Fultz, Doreen
DeHore, Timothy Clark, Matthew Moore,
Justin Rick, Amy Taylor, Michelle Miller,
Eric Ratliff, and Shelley Kessler, John
Knepper, Troy Holland, Todd Martin,
Vickey Leadingham and Kristi Koetz,
as well as unknown deputies.
          Defendants

No. 



14CV7058
JUDGE KENDALL
MAGISTRATE JUDGE KIM

Jury Trial Demanded

## I. Jurisdiction

A. Plantiff brings this lawsuit pursuant to 42 U.S.C. Section 1983. This Court has jurisdiction over plantiffs' federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3). This Court has jurisdiction over plantiffs state-law claims pursuant to 28 U.S.C. Section 1367. Plantiffs seeks declaratory judgement under 28 U.S.C. Section 2201. This lawsuit is also under 42 U.S.C. Section 1985.

## II. Venue

B. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because the events giving rise to these causes of actions occurred at LaSalle County Jail in Ottawa, Illinois, which is located within the Northern District of Illinois, Eastern Division.

## III. Parties

C. Plantiff, Calvin L. Merritte is and was at all times mentioned herein. He is currently housed in Stateville Correctional Center, P.O. Box 112, Route 53, Joliet, IL 60434, on a court writ

D. Pre-trial Detainees are and was at all times mentioned herein. They either were or are housed at LaSalle County Jail, 707 East Etna Road, Ottawa, IL 61350.

E. Defendant County of LaSalle is responsible for conditions and operations at the LaSalle County Jail, located at 707 East Etna Rd., Ottawa, IL 61350.

F. Defendant, Thomas Templeton is Sheriff of LaSalle County. Templeton is responsible for conditions and operations at LaSalle County Jail. Templeton is also a final-policy maker for defendant County of LaSalle. He is sued

in his individual and official capacities.

G. Defendants, Arc Preci and Jason Edgcomb were the Superintendent/Chief Jailer of LaSalle County Jail. They were Responsible for supervising subordinates, maintaining inmate safety and security, and responding to pre-trial detainees requests and complaints. They are sued in their individual and official capacities.

H. Defendant, Karen Edgcomb was the Corporal at LaSalle County Jail. K. Edgcomb is responsible for supervising subordinates, maintaining inmate safety and security, and responding to inmate requests and complaints. She is sued in her individual and official capacities.

I. Defendant, Kerry Von Ruden was a member of the administrative staff at LaSalle County Jail. K. Von Ruden was responsible for supervising subordinates, maintaining inmate safety and security, responding to inmate requests and complaints, and inmate classifications. He is sued in his individual and official capacities.

J. Defendants, Tina Wright-Stachowiak, Jason Clairmont, Neal Tomsha, Lisa Von Ruden, Robin Ballard, Jason Mohr, James Fultz, Doreen Dettore, Timothy Clark, Matthew Moore, Justin Rick, Amy Taylor, Michelle Miller, Eric Ratliff, Shelley Kessler, John Knepper, and unknown deputies were deputies at LaSalle County Jail. They were Responsible for maintaining inmate safety and security, responding to inmate requests and complaints, and enforcing policies, customs and practices. They are sued in their individual capacities.

K. Defendant, Brian Towne was the State's Attorney of LaSalle County. Towne was responsible for prosecuting alleged criminal activity, and disclosing all discovery and evidence to defendants in criminal prosecutions and supervising his subordinates and assistant state's attorney's. He is sued in his individual and official capacities. His office address 707 Etna Rd Ottawa, IL 61350.

L. Defendants, Troy Holland and Todd Martin were assistant state's attorney's of LaSalle County. They were responsible for assisting the State's Attorney, prosecuting alleged criminal acts, disclosing all discovery and evidence to defendants in criminal prosecutions, and responding to Freedom of Information Act (FOIA) appeals directed to LaSalle County Jail. They are sued in their individual and official capacities. Their office addresses are located at 707 East Etna Road, Ottawa, Illinois 61350 and 812 Washington St., Mendota, IL 61342

M. Defendant, Vickey Leadingham was a member of the records division at LaSalle County Jail. She is responsible for the records of LaSalle County Sheriff's Office and/or Jail. She is sued in her individual and official capacities. Her office address is located at 707 East Etna Road, Ottawa, Illinois 61350.

N. Defendant, Kristi Koetz was the FOIA officer/Administrative assistant at LaSalle County Sheriff's Officer and Jail. She was responsible for responding to FOIA requests and assisting the administrative

staff. She is sued in her individual and official capacities. Her office is located at 707 East Etna Road, Ottawa, IL 61350.

## IV. Previous Lawsuits By Plaintiff

O. Plaintiff filed Merritte v. Templeton, et al., civil action number 10 C 5163, Merritte v. Templeton, et al., civil action number 11 cv 2458, Merritte v. County of LaSalle, et al., civil action number 12 C 6933, Merritte v. County of LaSalle, et al., civil action number 13 cv 9329, Merritte v. Wexford Health Sources, Inc., et al., civil action number 13 cv 9331 in the U.S. District Court, Northern District of Illinois, Eastern Division. Civil action number 12 C 6933 was dismissed when the district court granted summary judgement in the defendants favor. Civil action numbers 10 C5163, 11 cv 2458, and 13 C 9331 were all dismissed for failing to file a completed in forma pauperis application or to pay the filing fee. Civil action number 13 C 9329 was dismissed because plaintiff failed to list each previous lawsuit he filed. Each of the civil actions were assigned to Judge Samuel Der-Yeghiayan

P. Plaintiff filed Merritte v. Ingram, et al., civil action number 11 cv 871, Merritte v. Kessel, et al., civil action number 12 cv 263, and Merritte v. Brinkman, et al., civil action number 12 cv 738 in the U.S. District Court, Southern District of Illinois. Civil action numbers 11 cv 871 and 12 cv 263 are still pending. Civil action number 12 cv 738 was dismissed when the district court granted summary judgement in the defendants favor. Civil action number 11 cv 871 is set for trial in front of magistrate judge Stephen C. Williams. Civil action number 12 cv 263 is assigned to district court judge Phil Gilbert. Civil action number 12 cv 738 is currently on appeal.

Q. Plaintiff filed four separate Merritte v. State of Illinois, civil action numbers 12 CC 1972, 12 CC 2993, 12 CC 2994, and 12 CC 3471 in the Illinois Court of Claims. Trial was conducted in 2013 and no opinion has been rendered to date in 12 CC 2993 and 12 CC 2994. 12 CC 1972 is still pending. 12 CC 3471 was dismissed for failing to exhaust administrative remedies. Each case except 12 CC 1972 were assigned to Commissioner Patricia Murphy. 12 CC 1972 has not been assigned to a specific commissioner.

Moreover, plaintiff requests that the district court take judicial notice of any and all previous lawsuits filed by plaintiff in any court, pursuant to Fed.R. Evid. 201. As well as any adjudicative facts relevant to the screening of this complaint.

## Factual Allegations

1. Shortly after December of 2007, Deputies Tina Wright-Stachowiak, Jason Clairmont, Neal Tomsha, Lisa Von Ruden, Robin Ballard, Jason Mohr, James Fultz, Doreen Dettore, Timothy Clark, Matthew Moore, Justin Rick, Amy Taylor, Michelle Miller, Eric Ratliff, Shelley Kessler, Jason Edgcomb, and Karen Edgcomb, all filed reports against the plaintiff until September 20, 2010 at LaSalle County Jail.

2. LaSalle County Jail had an "Inmate Discipline" section in the inmate handbook that states inmates at the jail will have a hearing for major rule violations on page 3. Plaintiff was cited for major rule violations by various deputies at LaSalle County Jail from December of 2007 through September 20, 2010 by various deputies, however, he never received a single disciplinary hearing for any of the alleged major rule violations.

3. Under 20 Illinois Administrative Code 701.160 Discipline and 730 ILCS 130/3.1, the plaintiff as a pre-trial detainee at LaSalle County Jail was entitled to disciplinary procedures including but not limited to a hearing on the alleged violations before an impartial officer or committee, an opportunity to present evidence or witnesses in his or her behalf, an opportunity to pose questions to the hearing officer or committee, a decision in writing setting forth the findings, the conclusion, and any penalty imposed, and findings of the hearing officer or committee shall be reviewed by the jail administrator or designee.

4. As a direct result of the major rule violations from December of 2007 until September 20, 2010 plaintiff received, among other things, placement in segregation and administrative segregation, visit restrictions without notice, commissary restrictions without notice, mail restrictions, deprivation of legal mail and materials, deprivation of mattresses, deprivation of showers, deprivation of phone calls, and deprivation of all property. In addition, while plaintiff was on segregation, isolation, administrative segregation, and high security risk inmate status he was deprived of all out-of-cell exercise and television.

5. Deputies were not affording plaintiff any procedural protection before the punishment for the major rule violations were imposed by themselves. Deputies trumped up major rule violations against various pre-trial detainees including plaintiff and sanctioned arbitrary treatment, simultaneously, pursuant to a continuing unwritten policy or widespread pattern and practice of deputies not following proper disciplinary procedures that started as early as December of 2007 and continues to date at LaSalle County Jail.

6. Plaintiff filed various grievances for each visit restriction, commissary restriction, mail restriction, deprivation of legal mail and materials, deprivation of mattresses, deprivation of showers, deprivation of phone calls, deprivation of all property, deprivation of television, deprivation of all out-of-cell exercise, and his placements in segregation, isolation, administrative segregation and high security risk inmate status as well as wrote ARC Preci and Thomas Templeton letters and requests grieving

the same issues.

7. At some point, plantiff inquired whether Thomas Templeton received his letters and requests grieving about various issues at the jail, including but not limited to the violation of the disciplinary and grievance procedures by deputies at LaSalle County Jail. Karen Edgcomb acknowledged that Thomas Templeton Received his letters and request and "he stated nothing was done wrong." Plantiff subsequently sought information to file a grievance against Thomas Templeton, and Karen Edgcomb advised him "not to get Ridiculous..." Subsequently, plantiff was placed in segregation because "he continued to complain."

8. Plantiff never Received any disciplinary hearing nor did he receive any of his grievances back with responses at no point from December of 2007 through this present day. Deputies violated the written disciplinary and grievance procedures and they continue to do so because Thomas Templeton, the custodian of the jail under 55 ILCS 5/3-6017 or Sheriff, has failed to instruct or supervise deputies or failed to respond to evidence that deputies violated the disciplinary and grievance procedures after they was placed on notice of the same with sufficient time to rectify the situation.

9. The County of LaSalle maintained a routine pattern and practice of deputies failing to follow the written disciplinary and grievance policies from December of 2007 until this present day. Plantiff's due process rights to proper disciplinary procedures and constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court, was violated as a direct result of the County of LaSalle's routine pattern and practice of deputies violating the written disciplinary and grievance policies, as well as other pre-trial detainees

10. The County of LaSalle maintained a policy or pattern and practice of confiscating pre-trial detainees mattresses, including plantiff, and compelling them to sleep on steel from 6:00 a.m. until 10:00 p.m., who were on segregation, isolation, or administrative segregation status from December of 2007 until this present day. As a direct result of the policy or pattern and practice of confiscating pre-trial detainees mattresses plantiff accumulated a medical condition that a medical physician prescribed 2 mattresses to treat on January 28, 2008.

11. Despite the medical physicians specific orders for plantiff to receive 2 mattresses to treat plantiff's medical condition and combat the pain, caused by the policy or pattern and practice of confiscating pre-trial detainees mattresses, plantiff was denied his prescribed 2 mattresses based on non-medical reasons -- "Isolation Area Per Commander" and "No 2 Mattresses approved per jail protocol" -- causing him to suffer

further pain as a direct result of the policy or pattern and practice.

12. Thomas Templeton's and Jason Edgcomb's actions in promulgating or implementing the policy or pattern and practice of confiscating pre-trial detainees, including plantiff, mattresses from 6:00 a.m. until 10:00 p.m. who were on segregation, isolation, or administrative segregation status from December of 2007, until this present day, or their direction, acquiescence, or condoning of the same, caused deputies to interfere with plantiff's prescribed 2 mattresses with deliberate indifference to his serious medical needs.

13. Plantiff filed various grievances each occasion deputies interfered with his prescribed 2 mattresses based on the policy or pattern and practice of confiscating pre-trial detainees mattresses from 6:00 a.m. until 10:00 p.m. who were on segregation, isolation, or administrative segregation status from December of 2007 until this present day. Plantiff never received any written responses or decisions to his grievances he filed at LaSalle County Jail from December of 2007 until this present day as a direct result of Thomas Templeton and Jason Edgcomb's failure to instruct or supervise deputies, or failure to respond to evidence, that deputies violated the written grievance policies after they were placed on notice of the same with sufficient time to rectify the situation and the County of LaSalle's routine pattern and practice of deputies failing to follow the written grievances policies from December of 2007 until this present day.

14. On March 31, 2008, Karen Edgcomb accompanied by deputy Kiper summoned plantiff off the pod and escorted him to segregation then handed him an "arrest warrant" and said "You've been served". He inquired "Why am I being placed in segregation" and Karen Edgcomb stated "Read your charges" as she closed the cell door and left. Plantiff as a pre-trial detainee was subjected to a form of punishment for his alleged crimes for which he was charged.

15. Plantiff never received a disciplinary hearing relating to his placement in segregation on March 31, 2008 and after he filed several grievances he never received a written response up until this present day. However, subsequent to a letter to Templeton he was placed in isolation.

16. Subsequent to plantiffs placement in segregation deputies failed and refused to permit him to place phone calls to his attorney due to his segregation status based on a policy, custom or practice at LaSalle County Jail. As a direct result of the policy, custom or practice of not permitting pre-trial detainees, including plantiff, to place phone calls to their attorney's due to their segregation status at LaSalle County Jail plantiff was deprived of his right to counsel at his bond hearing. K. Edgcomb and Kerry Von Ruden personally denied the phone calls. ~~and ~~~~placed~~~~ 9 ~~~~~~

17. On June 6, 2008, plantiff was summoned off the pod by deputies Amy Taylor and John Knepper to be informed that his visits were restricted. John Knepper decided to change the size of plantiffs prison attire, and a verbal altercation erupted because John Knepper

held the door open, in the presence of Amy Taylor and Robin Ballard, in order to observe plantiff naked while he switched attire for unnecessary reasons.

18. Plantiff made several comments to Knepper including referring to him as a "C.O." "Yelling in my face does not scare me" and "You a C.O. to me", among other things. John Knepper stated "I'm not a C.O., I'm a deputy" among other things, and as plantiff was walking away he was attacked by John Knepper as John Knepper stated "Get back out here." Plantiff was punched, kicked, grabbed, and insulted during the entire attack as John Knepper attempted to slam him on his face. Plantiff merely grabbed the door frame to prevent serious facial injuries and repeatedly yelled "What did I do?" and "I'm not resisting" before laying on the floor when Knepper loosened his grip. Amy Taylor witnessed everything.

19. Plantiff suffered a permanent signature scratch mark on the back of his neck and arms (that bled) abrasions, contusions, disorientation, and depression as a direct result of John Kneppers attack. Plantiff was escorted to segregation, where he remained the remainder of his confinement at LaSalle County Jail, after he was attacked by John Knepper.

20. John Knepper was doing cell checks subsequent to the attack and plantiff requested medical attention for the injuries he suffered to John Knepper and was denied as he was informed "I cannot talk to you, you may be getting charged with an assault." Plantiff requested to file a complaint, be interviewed by investigators, asked investigators to interview inmates and he filed 2 grievances against John Knepper.

21. Plantiff suffered prolonged, manifest, and agonizing pain from the physical injuries inflicted during John Knepper's attack and was denied by John Knepper, whom did nothing to get care for him while he unnecessarily suffered.

22. Plantiff never received a disciplinary hearing relating to his placement in segregation on June 6, 2008 and after he filed grievances he never received a response up until this present day.

23. Amy Taylor, Robin Ballard, Mark Greene, and John Knepper all filed incident reports regarding the physical altercation when plantiff was attacked by John Knepper. John Knepper fabricated a report claiming plantiff bit him and "possibly" self-inflicted injuries to cover up the beating of the plantiff.

24. LaSalle County Jail had a camera that recorded the entire incident when John Knepper attacked the plantiff on June 6, 2008 in B-pod at LaSalle County Jail.

25. LaSalle County Jail's policies, customs or practices of deputies not following the written grievance policies and not investigating complaints of civil rights violations filed by pre-trial detainees, including plantiff, against deputies, such as John Knepper, was the moving force behind John

Knepper's attack on the plaintiff because he knew he would not be investigated even if it was reported.

26. Knepper fabricated his incident report claiming plaintiff bit him, Amy Taylor fabricated her incident report claiming she merely looked and seen plaintiff and Knepper wrestling when she observed John Knepper initiate the physical altercation, plaintiff's grievances against John Knepper were never responded to or returned, plaintiff was denied medical attention for his injuries inflicted by John Knepper on June 6, 2008, photos of John Knepper's alleged bite mark are being withheld by the Troy Holland, Todd Martin, Thomas Templeton, Vickey Leadingham, and Kristi Koetz, and Brian Towne, Kristi Koetz falsely claimed records of internal affairs investigations of John Knepper or any investigations involving misconduct on his behalf including but not limited to Calvin L. Merritte; 2) Complaints, Reports, Records, documents, etcetera regarding alleged misconduct involving John Knepper while employed as a deputy at LaSalle County Jail; and 3) grievances filed against John Knepper including but not limited to the ones written by Calvin L. Merritte at LaSalle County Jail, records do not exist or cannot be found, and John Knepper falsely testified at plaintiff's sentencing hearing, in order to conspire to intentionally conceal the true facts about Knepper's attack against the plaintiff. Their actions collectively has and continues to interfere with plaintiff's rights to access the courts.

27. As a direct result of John Knepper, Amy Taylor, unknown deputies responsible for investigating grievances and complaints at LaSalle County Jail, Troy Holland, Todd L. Martin, Thomas Templeton, Vickey Leadingham, Kristi Koetz and Brian J. Towne actions, as stated in paragraph 26, plaintiff's rights of access to the courts is being blocked and he cannot challenge his 20 year sentence he received because John Knepper falsely testified plaintiff bit him and the sentencing court used it as an aggravating factor. In addition, there is a video recording of the entire incident where Knepper attacked plaintiff being withheld by the Sheriff and State's Attorney Offices, and plaintiff recently learned unknown evidence are withheld.

28. The fabrication of evidence and withholding of material evidence relevant to Knepper's perjurious testimony, caused by a widespread custom or practice at LaSalle County Sheriff's and State's Attorney office's of fabricating evidence and withholding material evidence, has and continues to wrongfully and intentionally conceal information crucial to plaintiff's collateral attack on his sentence and challenges to the conditions of confinement at LaSalle County Jail, that are non-frivolous legal claims. And the withholding of all discovery in case no. 08-CF-213 is precluding plaintiff from filing postconviction claims in state court.

29. If plaintiff obtains the video recording of John Knepper initiating and being solely responsible for the physical altercation with him on June 6, 2008, photos of John Knepper's alleged bite mark, and all the other known and unknown evidence that are material to plaintiff's criminal conviction and sentence, the following arguments could be made 1) counsel's failure to make a reasonable investigation or to make a reasonable decision that makes investigation of the material

evidence relating to John Knepper's testimony at Calvin Merritte's sentencing hearing rendered ineffective assistance; 2) Calvin Merritte is entitled to a new sentencing hearing based on newly discovered evidence showing that the prosecution relied on perjurious testimony from John Knepper in order to successfully obtain the 20 year sentence; and 3) Calvin Merritte is entitled to a new sentencing hearing because the prosecution made Brady violations, in a successive post-conviction petition for relief. Likewise, the same material evidence could be used to obtain redress for John Knepper's excessive physical force against plantiff and LaSalle County Sheriff's and State's Attorney Office's intentional cover up of Knepper's actions that violated plantiff's State and Federal Constitutional Rights.

30. From December of 2007 up to the present day, plantiff has made an abundant amount of efforts to exhaust his administrative remedies regarding constitutional violations at LaSalle County Jail, pursuant to LaSalle County Jail grievance policies and 42 U.S.C. Section 1997e(a), but no one employed by or whom associate with LaSalle County Jail has notified him in writing of the decision. A written decision is the only way plantiff could consider his grievances resolved or exhausted, pursuant to LaSalle County Jail's grievance policies, and no one has instructed plantiff on what else to do in light of voluminous grievances, complaints, letters, and Freedom of Information Act (FOIA) request for the same.

31. From December of 2007 up to the present day, LaSalle County Jail did not and do not have a law library or legal assistance for inmates confined in it. The only law book at LaSalle County Jail is the Illinois Compiled Statues. Plantiff filed various grievances about LaSalle County Jail staff's failure to provide a law library to pre-trial detainees, including plantiff, and he never received a response up until this present day. However, Karen Edgcomb informed plantiff "We are not required to have a law library because we are a small county."

32. LaSalle County Jail staff's failure to provide a law library hindered his efforts to pursue several 42 U.S.C. Section 1983 complaints requesting injunctions 1)to order Sheriff Thomas Templeton to refrain from confiscating plantiff's prescribed 2 mattresses from 6:00a.m. until 10:00 p.m. everyday based on his segregation, isolation, and administrative segregation status; 2) to order Sheriff Thomas Templeton and all deputies from depriving plantiff of all out-of-cell exercise based on his segregation, isolation and/or administrative segregation status; 3) to order Sheriff Thomas Templeton and all deputies to refrain from violating the disciplinary procedures and sanctioning arbitrary treatment against pre-trial detainees at LaSalle County Jail; 4) to order Sheriff Thomas Templeton and all deputies to refrain from violating the written grievance

procedure; and 5) to order Sheriff Thomas Templeton and any and all deputies, with the means, to provide a law library or some form of legal assistance for pre-trial detainees at LaSalle County Jail, all of which are nonfrivolous legal claims. As a direct result plantiff was unable to challenge the conditions of confinement while he was at LaSalle County Jail and once he transferred he could not because the constitutional violations became moot.

33. On October 11, 2013, Todd Martin admitted in court documents that 1) "there are additional documents and records besides the documents and records provided by [Thomas Templeton and Troy Holland] relating to the 6/6/08 incident with plantiff and John Knepper at LaSalle County Jail"; 2) "Mark Greene took a photograph of John Knepper's arm/bitemark that allegedly occurred in the 6/6/08 incident"; and 3) "there are additional documents or records of Knepper's misconduct in the performance of his duties". Kristi Koetz claimed this did not exist.

34. On October 31, 2013, plantiff encountered Kerry Von Ruden and inquired "why won't no one come forward and admit Knepper lied at my sentencing hearing?" Kerry Von Ruden replied "I didn't see nothing and I don't know nothing." Nonetheless, Kerry Von Ruden admitted to plantiff at his trial in June of 2008, "I'll deny it if you say I said it, but we know thats why you were not charged," in response to plantiff's statement "I did not do anything to Knepper."

35. From 2007 up until this present day, the LaSalle County Jail staff has had and continue to maintain a "code of silence" custom or practice under which no deputy will report or testify against other deputies who commit unconstitutional acts of misconduct. As a direct result of the "code of silence" it is hindering plantiff's efforts to challenge his sentence and conditions of confinement at LaSalle County Jail and it caused John Knepper to attack plantiff and all deputies and other staff members at LaSalle County Jail to assist Knepper in concealing the true facts about the June 6, 2008 incident because they had good reason to believe and firmly know that their misconduct would not be revealed by their fellow officers and that they would effectively be immune even if a complaint was filed.

36. From June of 2008 up until this present day, the LaSalle County Jail staff and States Attorney offices has implicitly agreed to maintain a "code of silence" custom or practice under which neither offices will report or testify against the other for unconstitutional acts of misconduct. As a direct result of the "code of silence" it is hindering plantiffs efforts to challenge his sentence and conditions of confinement at LaSalle County Jail and it caused various employees at the LaSalle County Sheriffs Office and the States Attorney office) to assist John Knepper in intentionally concealing the true facts about the June 6,

2008 incident; 2) to continue to withhold material evidence proving that John Knepper perjured at plaintiff's sentencing hearing, Brian Towne suborned perjury and obstructed justice at plaintiff's sentencing hearing by failing to correct John Knepper's false testimony when he had material evidence in his possession that was forwarded to him, and Brian Towne conspired with John Knepper to present false evidence and violate plaintiff's civil rights at his sentencing hearing to successfully secure a more severe sentence of 20 years; and 3) to destruct, fabricate, or lose material evidence to cover up misconduct at their offices; all of which occurred because they had good reason to believe and firmly know that their misconduct would not be revealed by their co-conspirators at either office and that they would effectively be immune from prosecution and discipline even if a complaint was filed,

37. Brian Towne and Thomas Templeton are both policy-making officials in the County of LaSalle, in their respective offices, and they not only knew of, condoned and acquiesced the code of silence implicitly agreed upon by their offices, but they participated in the code of silence that intentionally concealed the true facts about John Knepper's actions in attacking plaintiff and encouraged employees at the LaSalle County Sheriff's and State's Attorney offices to assist one another to continue to intentionally conceal the true facts about the June 6, 2008 incident, which has and continues to hinder plaintiff's efforts to challenge his sentence and conditions of confinement at LaSalle County Jail.

38. To the extent that the LaSalle County Sheriff's office and State's Attorney office lost or destroyed any of the material evidence relevant to John Knepper's testimony at plaintiff's sentencing hearing or misconduct as a deputy, any of plaintiff's grievances, requests, letters, FOIA requests and relevant documents or records, or any and all other material evidence relevant to this lawsuit, which would preclude plaintiff's reasonable probability of success in this complaint and his collateral attack on his sentence or any other legal proceedings, their actions constitutes a claim for negligent spoliation because they breached their duty owed to the plaintiff and plaintiff's inability to prove his claims in a legal proceeding will be proximately caused by the breach, thus, he will be entitled to damages.

39. Plaintiff has suffered severe emotional distress as a result of all of the defendants intentional, extreme, and outrageous acts of ~~intentional or toaning that there was serious injury the proximately their~~ constitutional violations of his rights by each defendant and the cover up, which inflicted severe emotional distress. All of these acts in violating plaintiff's constitutional

Rights were a calculated campaign of harassment due to their "erroneous beliefs" that he was a part of a group called the hitters or "Dahittaz".

40. Despite an abundant amount of grievances filed by plantiff for all of the constitutional violations each defendant committed, letters, requests, and or personal verbal complaints to Thomas Templeton, Arc Preci, Jason Edgcomb, Karen Edgcomb, Kerry Von Ruden, H. Judge Chris Ryan Jr., Judge Lunati, and various other deputies at LaSalle County Jail, no one rectified the situation and allowed it to continue by failing to investigate obvious and repeated complaints constituting a widespread custom or pattern and practice of failing to investigate complaints against LaSalle County Jail staff.

41. Plantiff made various attempts to exhaust his administrative remedies for a substantial period of time by submitting letters, requests, grievances, freedom of information requests, and verbally requesting for responses to his grievances. Each deputy, employee, associate, and Thomas Templeton as well as the State's Attorney office made the administrative remedies so "unavailable" by failing to respond to them, as to deprive plantiff of his rightful access to the grievance process.

42. Plantiff continued to take all steps necessary to exhaust all of his grievances at LaSalle County Jail because he could not consider them resolved until he was notified in writing of the decision, pursuant to the policy and procedure for inmate grievances number 1119. Despite all of his efforts to exhaust he did not receive any instructions on how to proceed once his attempts to exhaust had been impeded.

43. Plantiff filed a Complaint for Declaratory Judgement and Injunctive Relief (Case No. 12-MR-121) because the LaSalle County Sheriff and State's Attorney office's denied his freedom of information request for his grievances. On November 21, 2013, Asst. State's Attorney Todd Martin, admitted that plantiff's grievances were unable to be provided, because LaSalle County Jail did not have them, at a hearing on the discovery requests and merits of the case number 12-MR-121. Martin also admitted that records existed relating to John Knepper's misconduct as a deputy and other information relating to the physical alteraation with him and plantiff as well as photographs of Knepper's alleged bitemark. However, the video recording of the physical altercation was also unable to be provided because it is either lost or destroyed.

44. Under LaSalle County Jail grievance procedures or policies, each grievance is documented because staff and possibly the facility Administrator (Arc Preci before Thomas Jason Edgcomb) Title 20 Illinois responds to them

Administrative Code 701.30 required LaSalle County Jail to maintain records of the plantiff and especially for the "extraordinary or unusual occurrence" when Knepper applied excessive physical force.

45. The Sheriff and State's Attorney offices lost or destroyed documentary material and a video recording of the physical altercation or excessive physical force relating to plantiff's criminal sentencing hearing, where Knepper testified and the sentencing court considered it as an aggravating factor and gave plantiff a more severe sentence of 20 years. Plantiff can no longer seek the Brady v. Maryland, 373 U.S. 83 (1963) claim in a collateral attack on his sentence of 20 years because they lost or destroyed the favorable and material evidence relevant to Knepper's sentencing hearing testimony, and this civil rights complaint under 42 U.S.C. Section 1983.

46. The spoliation of evidence by the Sheriff and State's Attorney office's was the proximate cause plantiff cannot develop and prove constitutional violations (on the part of the defendants in this case and the State's criminal case number 08-CF-213 against him), therby breaching their duty to the plantiff when they lost documents and the video recording that constituted material evidence in civil and criminal litigation.

47. The Sheriff and State's Attorney offices also admitted that they have and will continue to withhold a photograph of Knepper's alleged bitemark on his arm from the excessive physical force, additional documents besides the documents provided by the sheriff and State's Attorney office's relating to the excessive physical force, and additional documents relating to Knepper's misconduct as a deputy in LaSalle County.

48. The continuous withholding of the relevant and material evidence in this case and plantiff's criminal case is impeding, hindering, frustrating, and blocking access to the courts because plantiff cannot obtain the documentary materials and video recording not only proving Knepper falsely testified at the sentencing hearing but also that the State knew of it prior to the sentencing hearing August 21, 2008 because it was forwarded to the State's Attorney office.

49. The documentary material, photograph and videotape(s) is admissible or can lead to the discovery of admissible evidence, all of which probative value outweighs the danger of unfair prejudice, if any, to the State in plantiff's criminal case.

50. The withholding of the documentary material, photograph, and videotape (s) interferes with plantiff's right of access to the courts because the intentional concealment of the true facts about the excessive physical force will result in plantiff serving an unconstitutional sentence based on fraud, obstruction of justice, and suborning of perjury.

51. If the Sheriff and State's Attorney offices are not enjoined from withholding the documentary materials, photograph(s), and video recording(s) plaintiff's rightful access to the courts will continue to be violated each day it is not disclosed to him. The state courts has denied various requests for the same in civil matters.

52. If the Sheriff's office are not ordered to expunge plaintiff's incident reports relating to disciplinary sanctions at LaSalle County Jail, the plaintiff's due process rights will continue to be violated because the incident reports will stand even though deputies failed to follow proper disciplinary procedures in violations of his due process rights, and in the event that plaintiff is sentenced or re-sentenced in the criminal case or case(s) the disciplinary sanctions will result with consideration of them "again" like it was considered in his criminal case. In addition, when they are expunged plaintiff's rightful access to the courts will no longer be continuously violated because he would be able to collaterally attack his sentence with evidence relevant to his character, due to the fact that the sentencing judge considered his behavior at the jail and sentenced him to 20 years, along with other considerations. All other pre-trial detainees due process rights and rightful access to courts will no longer be violated for the same reasons.

53. If the Sheriff's office is not ordered to answer plaintiff and all other pretrial detainees grievances at LaSalle County Jail, their rightful access to courts will not continuously be impeded, obstructed, hindered or frustrated because they would be able to exhaust administrative remedies pursuant to the Prison Litigation Reform Act and file either civil or criminal claims.

54. All of the named defendants either has or continues to act under color of state law.

56. Plaintiff filed these claims within the statutory limitations in Illinois. Illinois tolling statue is applicable for all of the claims, from December of 2007 until the continuous violations of his and all pre-trial detainees rights stops at LaSalle County Jail. All of the claims are related by all of the named defendants implicit agreements or explicit agreements to subject plaintiff to a campaign of related harassment and constitutional violations, therefore since the constitutional violation continue the statue of limitations has not begun to commence. Lara v. City of Chicago, 968 F.Supp. 1278 (1997)

57. Illinois tolling statue is also applicable because plaintiff and pretrial detainees at LaSalle County Jail cannot commence an action that would survive a motion to dismiss, if it survives at the initial

screening process, without complying with the statutory prohibition OR Prison Litigation Reform Act (PLRA). Since deputies and Thomas Templeton never responded to plantiff and all pretrial detainees grievances and they never received a response to date, the statue of limitations has not begun to commence. 735 ILCS 5/13-216

58. If plantiff and all pretrial detainees continue to wait an extensive unreasonable length of time for a decision on their grievances before they file this suit, there is a high probability that evidence, witnesses, and memories, inter alia, other things may be lost. There are no available administrative remedies for plantiff to exhaust.

59. Plantiff's claims against John Knepper are not dealing with the length or duration of his sentence, nor are they the same cause of action as plantiff's criminal proceeding and the claims of damages do not purely ancillary to and depend on favorable resolution of length or duration of his sentence. Plus, the identities of the parties are not the same, therefore Illinois doctrine of claim preclusion is inapplicable. Johnson v. City of Chicago, 712 F.Supp. 1311 (N.D. Ill. 1989).

60. Finally, the policies and procedures, widespread customs OR pattern and practices that resulted in constitutional violations continues at LaSalle County Jail and defendants have the power to do something to prevent it but has not. Therefore, everyday that the constitutional violations occur marked a fresh infliction of punishment or injury that caused the statue of limitations to start running anew. Heard v. Sheahan, 253 F.3d 316. (7th Cir. 2001).

61. From December of 2007 thru this present day Calvin Merritte, Clarence Merritte, Michael Goldsmith, Paul Forbes, Neko Forbes, Joy Forbes, Aaron Flex, Johnny Andrews, Delargo Gullens, Jamie Smith, Joshua Glass, Kwame Riddle, Darnell Smith, Michael Thompson, Robert Phillips, Michael Porter, Keith Gullens, Vernon Andrews, Tyshawn Doyle, Christopher Rosario, Alex Stuggis, Sandy Gullens, Jesse Phillips, Marcus Shief, Readelle Farrell, Azmir Perez, Whitney Westbrook, Darryl Stuggis, Darrylena Merritte, William Bradley, Melissa Lobb, Shelby Stevens, Jamal Cheers, Albert Ford, Keith Merritte, Eric Winfred, Antonio Johnson, Christopher Morganflash, Josh Davis, Danny Kelly, Alyssa Lucas, Jill Sullivan, Amber Schillings, Dena Comer, and all other pre-trial detainees at LaSalle County Jail has or will suffer constitutional deprivations as a direct result of the continuing policies and procedures, widespread customs OR pattern and practices maintained at LaSalle County Jail.

Causes of Actions

62. Plantiff incorporates each of the previous and following paragraphs as though they are stated fully herein.

63. ~~The Sheriff Thomas Templeton is liable under the doctrine of Respondeat Superior~~ in Illinois because deputies or auxiliary deputies breached their duties owed to plantiff and all pre-trial detainees from ~~their~~ December of 2007 until this present day proximately causing injury or injuries from negligent spoliation, intentional infliction of emotional distress, tortious assault and battery, common-law negligence and medical negligence based on individual acts and policies and procedures, widespread customs, or patterns and practices at LaSalle County Jail.

64. The County of LaSalle is liable under the 1st, ~~8th~~, 14th Amendments to the United States Constitution by maintaining policies and procedures, widespread customs or patterns and practices of 1) deputies failing to follow proper grievance procedures at LaSalle County Jail, which is a prerequisite to filing a lawsuit under PLRA; 2) the Sheriff's and State's Attorney offices, including the policy-making officials Thomas Templeton and Brian Towne, ~~conspired~~ conspiracy to fabricate evidence, suppress evidence and wrongfully and intentionally conceal the true facts of John Knepper's excessive physical force and Brian Towne's knowing use of perjurious testimony at plantiffs sentencing hearing; 3) a continuing code of silence between the Sheriff's and State's Attorney offices under which no one will report or testify against the other who commits or committed unconstitutional acts of misconduct and Thomas Templeton's and Brian Towne's participation in the code of silence; 4) not providing pre-trial detainees with either a law library or legal assistance to challenge their criminal cases and conditions of confinement; 5) deputies failing to permit plantiff and pre-trial detainees from contacting their attorneys for court related issues or hearings; 6) failing to investigate complaints and grievances against deputies at LaSalle County Jail for misconduct and/or civil rights violations; 7) confiscating pre-trial detainees mattresses from 6:00 a.m. to 10:00 p.m. who were on segregation, isolation or administrative segregation status and for the failure to carry out plantiffs specific medical orders for 2 mattresses based on such; and 8) deputies failing to follow proper disciplinary procedures at LaSalle County Jail, all of which has caused and/or will continue to cause constitutional deprivations to plantiff and all pre-trial detainees from December of 2007 thru this present day.

~~65. Thomas Templeton is liable under the~~

65. Thomas Templeton, Arc Preci, Jason Edgcomb, Karen Edgcomb and Kerry Von Ruden are liable under the 1st and 14th Amendments to the United States Constitution by failing to instruct and supervise their subordinates, or failing to respond to evidence of misconduct or violations of written policies by

subordinates, who 1) violated the written disciplinary procedures and 2) violated the written grievance procedures which is a prerequisite to filing a lawsuit under PLRA, after they were placed on notice with sufficient time to abate it, causing constitutional deprivations to occur and allowing ~~it to continue to occur with deliberate indifference to~~ plantiffs and all pre-trial detainees from December of 2007 until this present day Constitutional rights.

66. Thomas Templeton and Jason Edgcomb are liable under the 14th Amendment to the United States Constitution for writing, establishing, implementing or monitoring policies and procedures, widespread customs or patterns and practices, or tolerating directing, condoning or acquiescing such, for deputies to indiscriminately confiscate plantiff's and pre-trial detainees mattresses from 6:00 a.m. until 10:00 pm who were on segregation, isolation, or administrative segregation status, which caused deputies to interfere with plantiffs specific medical orders for 2 mattresses, and caused severe painful medical conditions

67. Karen Edgcomb and Kerry Von Ruden are liable under the 14th Amendment to the United States Constitution and the 6th Amendment for personally denying plantiff phone calls to his attorney after he was charged with a new offense and placing plantiff in segregation, isolation or administrative segregation solely because he received a new offense in violation of his right to counsel and disciplinary procedures under due process, and for discriminating against him racially with his classification.

68. Karen Edgcomb is liable under the 1st and 14th Amendment to the United States Constitution for retaliating against plantiff for complaining about his conditions of confinement in violation of his free speech rights and right to petition the government for redress of grievance.

69. Deputies Tina Wright-Stachowiak, Jason Clairmont, Neal Tomsha, Lisa Von Ruden, Robin Ballard, Jason Mohr, James Fultz, Doreen Dettore, Timothy Clark, Matthew Moore, Justin Rick, Amy Taylor, Michelle Miller, Eric Ratliff, Shelley Kessler, Jason Edgcomb, and Karen Edgcomb are liable under the 14th Amendment to the United States Constitution for failing to follow proper disciplinary procedures in violation of plantiff's due process rights.

70. All deputies, unknown at this time, whom confiscated plantiff's mattresses and deprived him of all out of cell exercises as well as all pre-trial detainees from December of 2007 until this present day are liable under the 14th Amendment to the United States Constitution for causing plantiffs and pre-trial detainees medical conditions, interfering with plantiffs specific medical orders for 2 mattresses, and for depriving plantiff and pre-trial detainees of all out-of-cell exercise based on their policies and procedures, widespread customs and patterns and practices at LaSalle County Jail

71. John Knepper is liable under the 1st and 14th Amendment to the United States Constitution by 1) applying excessive physical force against plantiff causing injuries and pain; 2) placing plantiff in

segregation indefinately without following proper disciplinary procedures; 3) denying needed medical care for plantiffs injuries and pain as a direct result of the attack by Knepper; and 4) wrongfully and intentionally fabricating the reports relating to the excessive physical force against plantiff and "possibly" self-inflicting injuries to cover up his unlawful and unconstitutional misconduct to deprive plantiff of the means to challenge it at the sentencing hearing, in a collateral attack on his sentence, and in this lawsuit.

72. John Knepper is liable under the state law claims for tortious assault and battery, common-law negligence, intentional infliction of emotional distress, and medical negligence.

73. John Knepper, Amy Taylor, unknown deputies that obtained plantiff's grievances against Knepper and never processed them, Troy Holland, Todd Martin, Thomas Templeton, Vickey Leadingham, Kristi Koetz, and Brian Towne, all either implicitly or explicitly conspired to wrongfully and intentionally conceal the true facts about Knepper's excessive physical force against plantiff and Brian Towne's knowing use of perjurious testimony to deprive plantiff of the means to challenge it in a collateral attack on his sentence and in this lawsuit in violation of the 1st and 14th Amendment to the U.S. Constitution.

Prayer for Relief

Wherefore, Plantiff and all pre-trial detainees at LaSalle County Jail from December of 2007 until this present day respectfully prays that this Honorable Court:

74. Declare that the acts and omissions described herein violated plantiffs rights under the Constitution and laws of the United States;

75. Order all defendants to pay plantiff and all pre-trial detainees nominal damages;

76. Order all defendants to pay compensatory damages ~~to be determined at a later date~~ in the amount of $1,500,000.00

77. Order all defendants (except the County of LaSalle) to pay punitive damages ~~to be determined at a later date~~ in the amount of $1,500,000.00

78. Order a preliminary and permanent injunction requiring the defendants Sheriff Thomas Templeton ~~for these above~~ and States Attorney Brian Towne of LaSalle County Disclose all documentary materials, photograph(s), and video recording(s) related to the June 6, 2008 incident between John Knepper and plantiff at LaSalle County Jail; 2) to expunge plantiffs incident reports relating to disciplinary sanctions or plantiffs conduct at LaSalle County Jail; 3) to answer and file a written response to each of plantiffs grievances so he could properly exhaust administrative remedies to comply with PLRA; and 4) to disclose all discovery in case number 08-CF-213.

18 of 19

79. Order all defendants to pay reasonable attorney fees and costs; and

80. Grant other just and equitable relief that this Honorable Courts deems just, equitable, and necessary:

Verification

Pursuant to 28 U.S.C. Section 1746, I declare and verify under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 4th day of September, 2014.

Respectfully submitted,
Calvin Merritte
Calvin Merritte #R53322
Lawrence C.C.
10930 Lawrence Rd
Sumner, IL 62466

NOTICE OF FILING / PROOF OF SERVICE

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing was mailed to the Clerk of the Court and LaSalle County State's Attorney office, 707 East Etna Road, Ottawa, IL 61350 on this 4th day of September, 2014 through prison officials (in an sealed envelope) by U.S. Postal Services.

Calvin Merritte
Calvin Merritte

19 of 19