IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAVLIN MERRITTE, <br><br> Plaintiff, <br><br> v. <br><br> LASALLE COUNTY SHERRIFF'S OFFICE, COUNTY OF LASALLE, THOMAS TEMPLETON, BRIAN TOWNE, JASON EDGCOMB, ARC PRECI, KAREN EDGCOMB, JOHN KNEPPER, TODD MARTIN, & LASALLE COUNTY STATE'S ATTORNEY <br><br> Defendants. | No. 14 C 7058 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Calvin Merritte's Complaint alleges constitutional violations committed between December 2007 and September 2010 by Defendants LaSalle County Sherriff's Office, County of LaSalle, Thomas Templeton, Brian Towne, Jason Edgcomb, Arc Preci, Karen Edgcomb, John Knepper, Todd Martin, and LaSalle County State's Attorney while Merritte was incarcerated at the LaSalle County Jail. The five-count Complaint seeks redress for (1) failure to hold disciplinary hearings, placement in segregation and isolation, restrictions on visits, commissary, and mail, and deprivation of legal materials, mattresses, showers, phone calls, property, exercise, and television; (2) failure to provide two mattresses and confiscation of a mattress during the day; (3) excessive use of force; (4) spoliation of evidence; and (5) injunctive relief in the form of tendering a response to a Freedom of Information Request. Defendants move to dismiss the Complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1). (Dkt. No. 34.) In their motion to dismiss, Defendants argue that the claims against all Defendants should be dismissed because they are

1

barred under res judicata and untimely according to the statute of limitations. They additionally assert that the Court should dismiss the claims against Towne and Martin for lack of subject matter jurisdiction under the Eleventh Amendment and because Towne and Martin have prosecutorial immunity. Because Case 13 C 9329 fulfills the three requirements of res judicata and the Complaint is barred by the statute of limitations, the Court grants the Defendants' motion to dismiss under Rule 12(b)(6).

## BACKGROUND

From December 2007 to September 2010, Merritte was a pre-trial detainee at the LaSalle County Jail. (Dkt. No. 30 at ¶1.) During that time, at least 17 deputies and/or employees of the LaSalle County Sherriff's Office filed reports against Merritte alleging that he had committed major rule violations under the LaSalle County Jail Inmate Handbook. *Id.* The Handbook states that inmates are entitled to a hearing for all major rule violations; however, Merritte never received a disciplinary hearing for any alleged major violation. *Id.* at ¶¶2, 4. As a result of the alleged major rule violations, Merritte was placed in segregation and isolation, and Defendants restricted his visits, commissary, and mail. *Id.* at ¶5. Moreover, Defendants deprived Merritte of legal mail and materials, mattresses, showers, phone calls, all property, exercise, and television privileges. *Id.* Merritte filed several written grievances for the lack of disciplinary hearings, but never received a response. *Id.* at ¶6.

Also during this time period, Defendants confiscated Merritte's mattress every day from 6:00AM to 10:00PM. *Id.* at ¶19. As a result of the confiscated mattress, Merritte suffered pain from sleeping on steel, and a medical physician prescribed that Merritte sleep with two mattresses to treat his medical condition. *Id.* at ¶21. Defendants did not provide Merritte two mattresses as prescribed. *Id.* at ¶¶22-23. Merritte filed grievances each time Defendants denied

him two mattresses and each time his mattress was confiscated between 6:00AM and 10:00PM, but has received no response. *Id.* at ¶24.

In an altercation on June 6, 2008, Defendant Knepper punched, kicked, and grabbed Merritte. *Id.* at ¶37. A camera in the LaSalle County Jail recorded Knepper's altercation with Merritte. *Id.* at ¶48. Knepper alleged that Merritte bite him during the altercation, and the LaSalle County Sherriff's Office took a picture of the alleged bite mark. *Id.* at ¶49. The LaSalle County Sherriff's Office also maintained records of internal investigations of Knepper and other complaints and grievances filed against him. *Id.* at ¶50. Merritte requested medical treatment for the injuries he suffered as a result of the attack, but Knepper denied his request. *Id.* at ¶39. Merritte filed grievances regarding this constitutional violation but has received no response. *Id.* at ¶46. The LaSalle County Sherriff's Office had a pattern and practice of failing to follow the written disciplinary and grievance policies. *Id.* at ¶9. From December 2007 to today, Merritte made every effort to exhaust his administrative remedies for these alleged constitutional violations. *Id.* at ¶¶17, 34.

Defendants Martin, Templeton, Towne, LaSalle County Sherriff's Office, and LaSalle County State's Attorney's Office lost or destroyed the videotape of the June 6th altercation, photos of the bite mark, records of the internal investigation of Knepper, and complaints and grievances filed against Knepper. *Id.* at ¶53. Merritte filed a Freedom of Information Act request with the LaSalle County Sherriff's Office seeking:

> a. A copy of the videotape of the physical altercation between defendant John Knepper and plaintiff Calvin Merritte at the LaSalle County jail on June 6, 2008;
> b. Copies of the photographs of the alleged injuries on defendant John Knepper's arm as a result of the June 6, 2008 incident;
> c. Copies of the grievances filed by plaintiff Calvin Merritte as a result of the physical altercation between himself and defendant John Knepper at the LaSalle County jail on June 6, 2008;

3

      d. Copies of any and all complaints and disciplinary sanctions filed or rendered against defendant John Knepper in the performance of his duties at LaSalle County jail or while employed at the LaSalle County Sheriff's office; and
      e. Copies of any and all documents, reports, papers, memoranda, notes, electronically stored information, or other documents relevant to any and all investigations regarding the physical altercation between defendant John Knepper and Calvin Merritte on June 6, 2008.

*Id.* at ¶66.

Merritte has filed a total of five lawsuits in this district. *Id.* at 3. In Case 12 C 6933, the Court granted the Defendants' motion for summary judgment.[1] *See Merritte v. County of LaSalle*, No. 12 C 6933, 2014 WL 983158 (N.D.Ill. Mar. 13, 2014). In that case, Merritte named as defendants the County of LaSalle, Templeton, Jason Edgcomb, and Karen Edgcomb, amongst others. *Id.* at 1. He claimed that the defendants violated his constitutional rights when they did not provide him prescription medication, placed him in segregation, denied him legal materials, and disallowed him from making copies. *Id.* In Case 13 C 9329, Merritte sued the same defendants plus four others: Brian Towne, Arc Preci, John Knepper, and Todd Martin. *Merritte v. County of LaSalle*, No. 13 C 9329, Dkt. No. 1. In that case, Merritte's complaint brought the same claims relative to the same facts as his Complaint in this case. *Id.* The Court dismissed Case 13 C 9329 because Merritte failed to disclose that he had filed another lawsuit on the same say as the one pending before the district court in his complaint. *Id.* at Dkt. No. 13.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] The Court may take judicial notice of matters of public record without converting a 12(b)(6) motion to dismiss into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

A plaintiff may plead himself out of court under Rule 12(b)(6) by alleging and thereby admitting the elements of an affirmative defense. *See United States Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). The doctrine of res judicata is an affirmative defense, and therefore the Court can dismiss a complaint pursuant to Rule 12(b)(6) where it is barred by res judicata. *See Anderson v. Guaranteed Rate, Inc.*, No. 13 C 431, 2013 WL 2319138 at *3 (N.D.Ill. May 28, 2013) (Kendall, J.).

## **DISCUSSION**

Defendants first argue that Merritte's Complaint should be dismissed under 12(b)(6) because it is barred by the doctrine of res judicata. (Dkt. No. 34 at 6.) Defendants assert that the Complaint is barred under res judicata by the final judgments of both Case 12 C 6933 and Case 13 C 9329. *Id.* at 7-10. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is designed to relieve parties of the costs and complexities of multiples lawsuits, conserve judicial resources, and promote reliance on adjudication by preventing inconsistent decisions. *Id.* "The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J*

5

*Citizens Group v. United States Dep't of Tranps..*, 456 F.3d 734, 741 (7th Cir. 2006); *see also Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). "Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 129-30 (1983).

**I.      Case 12 C 6933 Does Not Bar the Complaint under Res Judicata**

Defendants contend that the Complaint should be dismissed because the requirements for res judicata are met with respect to Case 12 C 6933. (Dkt. No. 34 at 7.) They argue that identity of parties exists because although the LaSalle County State's Attorney's Office, Perci, Knepper, Towne, and Martin were not defendants in Case 12 C 6933, they are in privity to the defendants in that case. *Id.* Defendants further state that because Merritte's claims in this case "could have and should have" been raised in Case 12 C 6933, there is identity of the causes of action. *Id.* at 8. Finally, Defendants opine that the Court's grant of summary judgment in favor of the defendants in Case 12 C 6933 was a final judgment on its merits. *Id.*

In response, Merritte claims that there is no privity between the defendants in Case 12 C 6933 and Defendants here because the LaSalle County State's Attorney's Office, Towne, and Martin "are completely separate and distinct from the defendants in 12 C 6933, who were employees of the LaSalle County Sheriff's [sic] Office." (Dkt. No. 42 at 2.) Second, Merritte argues that there is no identity of the causes of action because "the operative facts in these two lawsuits are completely separate and distinct" as they pertain to different time periods and events. *Id.* at 3. Similarly, with respect to the final judgment on the merits prong, Merritte

proposes that the grant of summary judgment in Case 12 C 6933 is not a final judgment on the merits because that case did not relate to any factual allegations in the Complaint at hand. *Id.* at 3-4.

Starting with identity of parties, this prong is fulfilled because the LaSalle County State's Attorney's Office, Preci, Knepper, Towne, and Martin are in privity to the defendants in Case 12 C 6933. Parties are in privity for res judicata purposes when they are officers of the same government such that a judgment between a party and a representative of the government bars relitigating the same issue between that party and another representative of the government. *See Church of New Song v. Establishment of Religion on Taxpayers' Money in Fed. Bureau of Prisons*, 620 F.2d 648, 654 (7th Cir 1980) (quoting *Sunshine Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940)). In Case 12 C 6933, the County of LaSalle was a defendant. *See Merritte*, 2014 WL 983158 at *1. Because the LaSalle County State's Attorney's Office, Preci, Knepper, Towne, and Martin are employees of the County of LaSalle, the defendants are in privity. *See, e.g., Donelson v. Prado*, No. 09 C 6277, 2011 WL 941233 at *7 (N.D.Ill. Mar. 16, 2011) (finding privity for res judicata purposes where employees of a government agency were not named in the suit but had been defendants in prior adjudication of the claim).

As to the second prong, "[w]hether there is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (citation omitted). The claims are identical under res judicata if they derive from the "same, or nearly the same, factual allegations." *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Defendants assert that the claims "could have" been litigated in the previous suit and therefore it is barred. (Dkt. No. 34 at 8) (citing to *Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436,

7

439 (7th Cir. 1989)). They argue that because Merritte could have brought the claims in his Complaint in Case 12 C 6933 as it involved substantially the same defendants and pertained to his incarceration at LaSalle County Jail, there is an identity of claims. *Id.*

Yet, the identity of claims requirement is not so broad as to encompass any claim against a defendant where the plaintiff could have possibly asserted it in a prior proceeding; rather, the question is whether both claims arise from the same core of operative facts. *See Adams*, 742 F.3d at 736; *Tartt*, 453 F.3d at 822. Res judicata indeed prevents litigation of matters that could have been raised in a prior proceeding, but only to avoid "the splitting of a single cause of action of the use of several theories of recovery as the basis for separate suits." *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988). The doctrine of res judicata therefore is limited to the pursuit of claims that derive from the same transaction, not merely those claims that a plaintiff could have theoretically asserted in a previous proceeding but do not stem from the same operative facts. *See Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) ("Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations."). To determine whether the claims arise from the same transaction, the Court asks whether they turn on the same facts. *See Andersen v. Chrysler Corp.*, 99 F.3d 849, 852 (7th Cir. 1996) ("Recognizing the importance of providing adequate notice to litigants as to which claims they need to bring in a single suit, we therefore recently refined the 'same transaction' test by focusing on whether the multiple claims turned on the 'same facts.'"). The Seventh Circuit has "emphasized that, to ensure fair notice to litigants and to yield predictable results, courts should examine the 'facts' of a case at a sufficient level of specificity." *Id.* at 852-53.

In Case 12 C 6933, Merritte claimed that while housed in the LaSalle County Jail, the defendants violated his constitutional rights during events that occurred from September 16-20, 2010. *See* 2014 WL 983158 at *1. He complained that the defendants deprived him of his constitutional rights when they failed to provide medical treatment for an allergic reaction, placed him in segregation, and denied him access to legal resources and copy machines. *See id.* at *5. Because Merritte's Complaint does not arise from the same central factual issues as those central to Case 12 C 6933, there is no identity of claims. This is not a situation where Merritte seeks to bring two separate legal claims for the same factual allegations, which would constitute identity of claims under res judicata. *See Brzostowski*, 49 F.3d at 339. To the contrary, Merritte is complaining of events that are factually distinct from those at issue in Case 12 C 6933. In his Complaint, Merritte makes no allegation that he was deprived of medical treatment during an allergic reaction, and thus none of his claims are identical to those in Case 12 C 6933. Here, Merritte alleges that Defendants violated his constitutional rights when they placed him in segregation and deprived him of legal materials, which are similar to his allegations in Case 12 C 6933 when he also complained of segregation and deprivation of legal resources. (Dkt. No. 34 at 5.) But in that case, Merritte sought relief for segregation and lack of legal materials during a six-day time period where he was temporarily housed in the LaSalle County Jail while attending civil court proceedings. *See* 2014 WL 983158 at *5. In contrast, his Complaint in this case addresses placement in segregation and deprivation of legal resources that occurred from December 2007 to September 2010 and were caused by alleged major rule violations he committed. (Dkt. No. 34 at 5.) In sum, Merritte's alleged constitutional violations in these cases transpired during a different time periods and contain significantly different operative facts.

Accordingly, Merritte's claims for segregation and lack of legal materials are not identical causes of action as those he brought in Case 12 C 6933.

Considering that Case 12 C 6933 did not contain identical causes of action as those in the Complaint, res judicata does not apply and the Court need not address whether the Court's grant of the defendant's motion for summary judgment in that case constitutes a final judgment on the merits.

## II.   Case 13 C 9329 Bars the Complaint Under Res Judicata

Defendants next argue that the Complaint should be dismissed because it is barred under res judicata by Case 13 C 9329. (Dkt. No. 34 at 9.) They posit that res judicata precludes the Complaint because the parties and complaints are identical in both cases, and the Court's dismissal of Case 13 C 9329 was a final judgment on the merits. *Id.* Merritte agrees, stating that "[t]here is no question that plaintiff did re-file in the instant case the identical lawsuit in 13 CV 9329." (Dkt. No. 42 at 4.) Therefore, because in this case Merritte filed the same complaint as in Case 13 C 9329 with the same claims against the same parties, the first two requirements of res judicata are fulfilled. (Dkt. No. 30.)

In support of its argument that the dismissal of Case 13 C 9329 serves as a final judgment on the merits, Defendants cite to Federal Rule of Civil Procedure 41(b) that states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

*Id.* Defendants highlight the phrase "operates as an adjudication on the merits" as establishing that the dismissal of Case 13 C 9329 for Merritte's misrepresentation to the Court of his litigation history acted as a final judgment on the merits because the Court did not dismiss it for

lack of jurisdiction, improper venue, or failure to join a party, nor did the Court indicate that the dismissal was not on the merits. *Id.* Merritte, on the other hand, concedes that the first two requirements of res judicata are met, but contends that the judgment order in Case 13 C 9329 was based on a procedural defect and therefore does not constitute a judgment on the merits. (Dkt. No. 42 at 4.) Specifically, Merritte proposes that Rule 41(b) does not allow the Court to dismiss a case sua sponte and hence argues that Rule 41(b) does not apply to any sua sponte dismissal of a case. *Id.* at 5.

The Court has the discretion to impose sanctions—including dismissal of complaints that misrepresent the plaintiff's litigation history—against litigants who violate discovery rules and rules designed to enable the Court to manage its dockets and the flow of litigation. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (affirming dismissal of complaint with prejudice because plaintiff intentionally misrepresented litigation history). "The inherent authority of the district court to dismiss a case *sua sponte* and control its docket is well established." *Moser v. Universal Eng'r Corp.*, 11 F.3d 720, 723 (7th Cir. 1993). This power arises from the need to allow courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1961). Rule 41(b) grants the Court the authority to dismiss an action for failure to comply with a court order and creates a presumption that such a dismissal "operates as an adjudication on the merits." *See Fed. Election Comm'n v. Al Salvi for Senate Committee*, 205 F.3d 1015, 1018 (7th Cir. 2000) (due to the presumption under Rule 41(b) that a dismissal is on the merits, "[a]ny later suit with the same allegations [is] therefore subject to dismissal based on *res judicata*."); *see also Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014) (dismissal for want of prosecution constitutes a final judgement on the merits under Rule 41(b)); *Idahosa v. Blagojevich*, 297 F.App'x 541, 542 (7th

11

Cir. 2008) ("That the district court did not reach the merits is of no consequence" in determining whether the final judgment is on the merits).

> In his order dismissing Case 13 C 9329, Judge Der-Yeghiayan explained:
>
> Merritte represents in his complaint that he has filed numerous prior civil lawsuits in various courts. Merritte indicates that he previously filed cases in this district in case numbers 10 C 5163, 11 C 2458, and 12 C 6933, and that other than the instant action, only 12 C 6933 is a pending case. (Compl. 3). However, a review of the court docket system shows that on December 30, 2013, the same day that Merritte filed his complaint in the instant action, he also filed a separate complaint in case number 13 C 9331. That action is also currently pending in this district. Merritte offers no explanation as to why he failed to inform the court that when he filed his complaint in this action, he was also filing a second lawsuit in this district which would also be a pending action. Merritte has thus misrepresented to the court his litigation history in this district. A sanction of dismissal is particularly appropriate in a case such as this where a plaintiff fails to disclose a recently filed an [sic] action. See Hoskins v. Dart, 633 F.3d 541, 543 (7th Cir. 2011)(affirming district court's dismissal of action where the "district court screened the cases and discovered that [the plaintiff] had omitted his litigation history" including cases that had been recently filed)

*Merritte v. County of LaSalle*, No. 13 C 9329, Dkt. No. 13. First, under Rule 41(b), whether the Court dismissed Case 13 C 9329 sua sponte for misrepresentations to the Court as opposed to in response to a motion by the defendants is of no consequence in determining whether it was a judgment on the merits. *See FEC*, 205 F.3d at 1020 (finding a dismissal for failure to designate local counsel in violation of a court order is a judgment on the merits under Rule 41(b)). Second, Rule 41(b) makes clear that unless the Court states otherwise, only dismissals for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19" are not presumed to be final judgments on the merits. *See also FEC*, 205 F.3d at 1020 (holding that "the first action was dismissed with prejudice, and that the *sua sponte* dismissal in that case…therefore operated as adjudication on the merits."). Consequently, because Judge Der-Yeghiayan did not dismiss Case 13 C 9329 for one of three reasons listed in Rule 41(b) and did not specify that it was anything

other than a judgment on the merits, the dismissal constitutes a judgment on the merits. Merritte cannot argue that confusion lead to his misrepresentation to the Court in Case 13 C 9329 about his litigation history because he had filed another lawsuit in this district on precisely the same day that he filed Case 13 C 9329. Moreover, Merritte could have appealed Judge Der-Yeghiayan's dismissal of his case, but he instead chose to refile an identical complaint in the same district court. The doctrine of res judicata is designed to avoid the piecemeal litigation attempted by Merritte in which a plaintiff seeks relief for identical claims from identical parties where the Court has already issued a final judgment on the merits of the complaint. *See Allan Block Corp. v. County of Materials Corp.*, 512 F.3d 912, 916 (7th Cir. 2008) (acknowledging that the purpose of res judicata is to "prevent piecemeal litigation."). Res judicata thus bars the Complaint because its identical causes of action have been litigated in Case 13 C 9329 between the same parties and resulted in a final judgment on the merits. The Court thus grants the Defendants' motion to dismiss.[2]

## III. Statute of Limitations

Defendants make the additional argument that the Complaint should be dismissed because it is barred by the statute of limitations. (Dkt. No. 34 at 11.) They assert that because at least two years has elapsed since Merritte could reasonably have expected to receive a response from the Defendants to his grievances, the Complaint should be dismissed for untimeliness. *Id.* at 13. Merritte counters that because the LaSalle County Jail has no prescribed time period for

---

[2] Merritte also claims that the dismissal of Case 13 CV 9329 for failing to disclose his litigation history created a heightened pleading standard in contravention of Seventh Circuit law prohibiting pleading requirements outside of the Federal Rules of Civil Procedure. (Dkt. No. 42 at 5) (citing to *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004)). The Court, however, did not factor in Merritte's obligation to disclose his past court filings under the notice pleadings standard. Rather, the Court considered Merritte's failure to list all other complaints when analyzing whether to grant his motion to proceed in forma pauperis. *See Merritte v. County of LaSalle*, No. 13 CV 9329, Dkt. No. 13. Accordingly, the pleading standard was not a component of the dismissal of Case 13 CV 9329. In addition, the pleading standard and whether the Court heightened it is not a relevant inquiry in determining if the dismissal was a final judgment on the merits.

13

responding to grievances, the Complaint should not be dismissed at this stage as the issue of what a reasonable time period is for the Jail to respond "has to be a question of fact for the jury to decide in this case." (Dkt. No. 42 at 9.)

When a complaint is challenged by a 12(b)(6) motion, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citation omitted). A plaintiff pleads herself out of court by alleging facts that show that the statute of limitations bars relief. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense."). In a Section 1983 claim, the Court must adopt the forum state's statute of limitations for personal injury claims. *See Owens v. Okure*, 488 U.S. 235, 240 (1989). In Illinois, the state of limitations for personal injury claims is two years. 735 ILCS 5/13-202; *see Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). The Illinois tolling statute further states: "When the commencement of an action is stayed by an injunction, order of court, *or statutory prohibition*, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13-216 (emphasis added). The Prison Litigation Reform Act serves as a statutory prohibition here, as it requires a prisoner to exhaust administrative remedies before filing a Section 1983 claim. *See* 42 U.S.C. § 1997(e)(a) (2000) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Seventh Circuit has held that "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll

the limitations period while a prisoner completes the administrative grievance process." *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

Merritte alleges that he filed grievances for the claims he asserts in the Complaint but has not received a response from the Defendants. He filed the Complaint on September 10, 2014. (Dkt. No. 1.) Based on the Complaint, the Defendants have no deadline for responding to grievances. The Court, therefore, has no exact date from which the two-year statute of limitations began to run. The Seventh Circuit has held that prison officials cannot exploit the administrative exhaustion requirement through indefinite delay in responding to grievances. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) ("We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA so narrowly as to...permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.) (citation omitted). "[A]dministrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable.'" *Id*. Once Merritte was moved from the LaSalle County Jail in September 2010, the two-year statute of limitations began to run because Merritte clearly was not going to receive a response to his grievances from the Defendants when he was no longer housed there. (Dkt. No. 30 at ¶1.) Accordingly, Merritte had to file his Complaint prior to September 2012 in order to comply with the statute of limitations. Merritte filed it two years later, in September 2014, and thus the Complaint is untimely. The Court thus grants the Defendants' motion to dismiss for the additional reason that the Complaint is untimely under the two-year statute of limitations.

## CONCLUSION

The Court grants the Defendants' motion to dismiss (Dkt. No. 34) because it is barred under res judicata by Case 13 C 9329 and it is untimely under the statute of limitations.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/16/2015